**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-075-HRW

JOHN BRENTON PRESTON                                    PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

JOHN MOTLEY, WARDEN                                    RESPONDENT

**\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\***

John Brenton Preston, a/k/a John Britton Preston,[1] an individual presently confined at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky, has submitted a completed petition form for filing a writ of habeas corpus pursuant to 28 U.S.C. §2254, and a supporting memorandum.  He has also paid the $5.00 habeas filing fee.

This matter is before the Court for initial screening.  28 U.S.C. §1915; 28 U.S.C. §2243; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

CLAIM

Preston challenges a prison disciplinary proceeding which purportedly violated his rights under state corrections policies and under the United States Constitution.

RELIEF

Preston seeks to have the conviction invalidated and expunged from his records.

---

[1]

In his petition, Preston identifies himself as John "Britton" Preston, his middle name being within quotation marks.  However, in the supporting memorandum, he spells and signs his name with the middle name of Brenton.  The latter spelling has been consistent in his previous lawsuits before this Court, and his state prisoner identification number, 060215, herein is the same as in the prior cases.  Therefore, the Court chooses to use the correct Brenton spelling.

1

FACTUAL ALLEGATIONS

Identifying himself as a petitioner, John Brenton Preston has submitted a completed form petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 [Record No. 1], with attached exhibits, and a handwritten memorandum of law [Record No. 2].

In his petition, Preston describes the disciplinary proceedings as if they had been state court proceedings. On February 4, 2004, a disciplinary incident report was written, charging the petitioner with possession of pornography. At a hearing on February 13, 2004, the petitioner defended himself vigorously, claiming that the seized clippings had entered the prison as permissible pictures in the 1990's and that he was being punished after a policy change about permissible materials.

Apparently, the petitioner was also disruptive and uncooperative, as he refused to obey or even listen. The hearing officer, named Compton, had him removed and wrote an incident report about his conduct, charging him with refusing to obey an order. The officer also found Preston guilty on the pornography charge and imposed a penalty of a 90-day stay in disciplinary segregation. The petitioner appealed to the warden, who concurred with the disposition and also wrote, "As policy changes since 1995 have been posted, you have had ample opportunity to discard any questionable photos." Exhibit A, dated March 12, 2004.

The petitioner then went to state court, filing *Preston v. Compton, et al.*, Morgan Circuit Court No. 04-CI-00048, seeking a declaratory judgment about the disciplinary proceeding. When it was dismissed, he appealed to the Commonwealth of Kentucky Court of Appeals, No. 2004-CA-002121-MR, which rendered an unpublished opinion affirming the lower court on March 31, 2006. The petitioner has provided a copy of the opinion, which shows that the petitioner made the same challenges to the disciplinary proceeding as he has done in the instant petition, and each claim was

2

rejected by the Kentucky Court of Appeals.

On May 1, 2006, claiming to have exhausted his state court remedies as to all claims herein, Petitioner Preston filed the instant action and paid the $5.00 district court filing fee for a habeas action.

<u>DISCUSSION</u>

Before addressing the merits of the petition, the Court must first address whether the constitutional claims herein about a prison disciplinary proceeding can be brought in a §2254 petition, which would be successive, or in a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, or in a complaint pursuant to 42 U.S.C. §1983.  The Court finds that only the latter is appropriate.

The Supreme Court of the United States recently recognized that habeas corpus and §1983 cases are inherently "different," justifying different procedures.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).  With regard to the nature of habeas proceedings, the Supreme Court has written:

> It is clear, not only from the language of §§2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  Federal prisoners who have lost good time credits or have been subjected to another decision affecting their earlier release use §2241 to bring a habeas proceeding, after exhausting their administrative remedies; and state prisoners use the similar language of §2254 to bring a habeas proceeding, after exhausting their state court remedies.

Citing to *Preiser*, district courts in this Circuit have differentiated between habeas corpus as being the appropriate remedy for prisoners attacking the validity or length of their confinement, including revocation of good time credits or other issues affecting the time they will be incarcerated

3

serving their sentences, whereas §1983 is used to constitutionally challenge the terms and conditions of their confinement, including all other prison officials' decisions, such as transfers, stays in segregation, suspensions of privileges--"when the decision may be challenged at all." *Woodson v. Gurly*, 2006 WL 160306 at *2 (N.D. Oh. 2006) (slip op.) (quoting *Moran v. Sondalle*, 218 F.3d 647, 650-51(7th Cir. 2000) (per curiam).

One such case was *Frazier v. Hesson*, 40 F.Supp.2d 957 (W.D. Tenn. 1999), wherein the district court noted a series of Sixth Circuit cases which were unpublished but were consistent in citing *Preiser* as authority for the proposition that §2254 provides the remedy for a prisoner claiming that a violation of due process or other constitutional right in a prison disciplinary proceeding has deprived him of good time credits toward satisfaction of his sentence or other source of earlier release. *Id.* at 961-64. Therefore, the district court found the law in this circuit to "indicate" that the Sixth Circuit considered the matter resolved in light of *Preiser*. *Id.* at 961.

The district court in *Frazier* also compared the language of §2254 and the very similar language of §2241 and found that the state prisoner could not invoke either of these habeas statutes, because he was attacking a proceeding in which the punishment did not affect the length of his sentence; rather, because his sanction was to be confined to segregation for a period of time and/or he would be transferred to a maximum security prison, his proper remedy was by a civil rights lawsuit pursuant to 42 U.S.C. §1983, because "these are merely changes in the conditions of confinement pursuant to an administrative decision by prison officials." *Id.* at 962.

Under the same above-stated distinctions and rationales, this Court finds that Preston's disciplinary punishment also had no impact on the length of his sentence. He lost possession of his pictures and had to spend 90 days in disciplinary segregation, clearly mere changes in the conditions

of his confinement.  Therefore, the claims are not cognizable in a habeas proceeding.  The instant petitioner is not a petitioner at all.  He is a plaintiff complaining of the conditions of his confinement.  Therefore, the proper vehicle for him is to bring a civil action pursuant to 42 U.S.C. §1983.  The next issue is the most appropriate disposition of the instant petition/construed civil action.

John Preston chose to file a habeas petition herein and to pay the $5.00 habeas filing fee. One of the habeas statutes, Section 2254, states that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  Section 2241 states:  "The writ of habeas corpus shall not extend to a prisoner unless – . . .  He is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2241.

Because the instant petitioner is not attacking the custody which resulted from his conviction in the State court, he has not stated a cognizable habeas claim under either habeas statute. Therefore, the instant cause of action is dismissed for failure to state a claim.  Consistent with the rationale and result in *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004), the dismissal will be without prejudice in order that the petitioner may raise his civil rights claims properly in a §1983 action, should he desire to do so.  *Id*. at 715.

The Court expresses no opinion on the advisability of filing a §1983  action or on the merits of the federal claims herein.  With regard to his claims of violations of state law, this Court will not exercise pendent jurisdiction over them.  Since the federal claims will be dismissed, then the pendent state claims should be dismissed as well.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715,

5

726 (1966).

<u>PRESTON'S LITIGATION HISTORY</u>

A word of warning to John Brenton Preston is appropriate, as he is no stranger to this Court.

The Court has the following record of Preston's civil litigation:

- *Preston v. Runda*, Frankfort Civil Action No. 89-CV-33 -- dismissed pursuant to 28 U.S.C. §1915(d) (now in §1915(e)(2))

- *Preston v. Watkins*, Pikeville Civil Action No. 94-CV-261-JMH -- a civil rights action pursuant to 42 U.S.C. §1983, brought *in forma pauperis*, agreed order dismissing

- *Preston v. Lewis*, Pikeville Civil Action No. 95-CV-17-JMH -- civil rights action pursuant to §1983, brought *in forma pauperis*, dismissed *sua sponte*

- *Preston v. Berry*, Pikeville Civil Action No. 95-CV-213-JMH -- petition pursuant to 28 U.S.C. §2254, dismissed for abuse of the writ

- *Preston v. Wireman*, Pikeville Civil Action No. 95-CV-214-JMH -- civil rights action pursuant to §1983, *in forma pauperis*, agreed order dismissing

- *Preston v. Hughes*, Frankfort Civil Action No. 96-CV-69-JMH -- §1983, fee-paid, dismissed pursuant to 28 U.S.C. §1915(e)(2) and/or 28 U.S.C. §1915A and/or 28 U.S.C. §1997e

- *Preston v. Jones*, Frankfort Civil Action No. 96-CV-82-JMH-- motion only, transferred to W.D. Ky.

- *Preston v. Million*, Ashland Civil Action No. 02-CV-145-HRW -- §1983, fee-paid, dismissed *sua sponte* upon screening, pursuant to 28 U.S.C. §1915(e)(2) and/or 28 U.S.C. §1915A and/or 28 U.S.C. §1997e.

In the Memorandum Opinion and Order dismissing the last of the above-listed lawsuits,

*Preston v. Million*, the Court noted Preston's litigious history and advised him of the terms of 28

U.S.C. §1915(g).  The statute provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury.

28 U.S.C. §1915(g). The Court also noted therein that Preston's sister had paid the district court filing fee for that action, thus not triggering imposition of the statutory limitation. However, the undersigned warned that, had his sister not paid the fee, "the plaintiff, based upon his litigation history, may have been subject to the strictures of §1915(g)."

The time has come to subject John Preston to the demands of the statute. Review of the records in this Court reveals that the criteria set forth in subsection (g) apply to him. Preston has filed numerous civil actions while incarcerated, and at least three were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, John Preston may bring no further civil actions or appeals *in forma pauperis*, unless he "is under imminent danger of serious physical injury."

Hereafter, John Preston must pay the district court filing fee for the filing of all future civil actions, and he must pay the appellate court filing fee for all appeals of civil actions. While the district court filing fee for habeas actions remains at $5.00, the district court filing fee for all other civil actions, effective April 9, 2006, is $350.00. The appellate filing fee, also effective the same date, is now $455.00 for any appeal.

Further, since the Court has herein explained the difference between the nature of a habeas action versus the nature of other civil actions, the Petitioner/Plaintiff Preston is forewarned that under Sixth Circuit law, "a prisoner may not attempt to cloak another civil action, such as an alleged civil rights violation, under the auspices of §2254." *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997). If a prisoner, including Preston hereafter, tries to bring any future civil action under a habeas rubric with a habeas filing fee, when it is actually another type of civil action, the appellate court

has directed the district courts as follows:

> If faced with such an attempt, the district court must assess the prisoner the applicable . . . filing fee in accordance with McGore.  Further, if a notice of appeal is filed in such a case, the district court must assess the applicable appellate filing fee . . . under the McGore procedures.

*Id*. at 952 (citing *McGore v. Wrigglesworth*, 114 F.3d at 601).

<u>CONCLUSION</u>

Accordingly, it is **ORDERED** as follows:

(1)     The Court construes the instant action to be one more properly brought under 42 U.S.C. §1983 and construes the true name of the prisoner to be John Brenton Preston.

(2)     The petition herein is **DENIED**, and this cause of action will be **DISMISSED** without prejudice.

(3)      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

(4)     John Brenton Preston is hereby on notice that he may file no more civil actions or appeal any civil actions without full payment of the applicable filing fee unless he is under imminent danger of serious physical injury.  28 U.S.C. §1915(g).

This May 8, 2006.



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**